FRANK MIRABELLA, Respondent, v. ALVIN F. THIEM, Doing Business under the Name of PINE TREE RIDING STABLES, Appellant.— Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Memorandum: Plaintiff, while riding a horse rented from the defendant's Pine Tree Riding Stables, was kicked by another horse named Calico rented from the same stable by a Miss Cotton. For the injuries sustained plaintiff recovered a verdict of $5,500 upon which a judgment was thereafter entered in the sum of $5,766.75. Defendant appeals. The evidence discloses that plaintiff was familiar with horses; that he had ridden them since childhood and realized that a horse may kick if another horse suddenly comes up from behind, and appreciated that it was not good horsemanship to ride close to the rear of the horse ahead. Plaintiff's version of the accident is that the mount upon which he was riding approached Calico from the rear at a small gallop; that Calico stopped and that he was unable to stop in time to avoid being kicked. It does not appear from the evidence that Calico had any vicious propensities known to the defendant. The rider of Calico testified that she heard two horses approaching from the rear being ridden hard; that she pulled over to the right of the bridle path as far as possible and brought her horse to a stop; that the oncoming horses continued to approach at a rapid pace; that one of the horses passed her and that the plaintiff "pulled his horse up short behind Calico" and that Calico kicked. Under the circumstances disclosed we reach the conclusion that the horse Calico was not possessed of any vicious propensities; that the accident occurred, not because of any dangerous propensities other than those common to all horses and known to plaintiff, but rather because of the manner in which the plaintiff was riding as he approached and came upon Calico. From what has been written, it follows that the judgment should be reversed and the complaint dismissed. All concur, except McCurn and Wheeler, JJ., who concur as to the reversal but vote for granting a new trial. (Appeal from a judgment for plaintiff in an action for damages for personal injuries alleged to have been sustained by plaintiff by reason of his having been kicked by a horse.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.

■

MARY S. MOSHER, Appellant, v. GENESEE HOSPITAL, Respondent.— Judgment affirmed, with costs. All concur. (Appeal from a judgment dismissing the complaint in an injunction action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ. [See 281 App. Div. 801.]

■

THEARON C. WILDER, Respondent, v. MOHAWK MILK PRODUCTS CO., INC., et al., Appellants.— Judgment affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in an automobile negligence action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

LILLIAN BEAN, as Administratrix of the Estate of HOYT O. BEAN, Deceased, Appellant, v. GEORGE C. MILLER, Respondent.— Judgment and order affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment for defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Wheeler, JJ.